■    In the Matter of JOHN J. ZIPP, Petitioner, v. MUNICIPAL CIVIL SERVICE COMMISSION OF CITY OF BUFFALO et al., Respondents.— Determination annulled, with $50 costs and matter remitted to respondent commission for further proceedings in accordance with the Memorandum. Memorandum: After serving as Assessor of the City of Buffalo for over a year under a provisional appointment petitioner took a civil service examination for the position in March, 1968 and placed fifth on the eligible list therefor. The City Rules for the Classified Civil Service provided that applicants for positions in the competitive class "must have resided and dwelled continuously in the City" for the two years immediately preceding the date of the examination. Respondent commission gave petitioner notice that on May 22, 1968 they would consider removing his name from the eligible list upon the ground that he had not lived in the City of Buffalo for the two years immediately preceding the examination. Petitioner appeared at that meeting and at a meeting in June and presented evidence supplementing that which he had given in his application for the examination, showing his continuous residence in the city and voting therein for more than two years immediately preceding the examination; but on June 26, 1968 the commission determined to remove his name

from the list. The commission relied on the discredited hearsay report of a tenant in the premises where petitioner resided, that petitioner did not reside there, and an assumed name business certificate of petitioner filed in August of 1966 showing his residence in a town contiguous to Buffalo where petitioner in fact had a business office. On learning of the alleged statement by the tenant, petitioner secured an affidavit from said tenant that petitioner did live at said premises in Buffalo. Petitioner also explained that the assumed name business certificate had been filed in error. Admittedly, it was corrected as soon as petitioner learned of the error two months after the original filing, and before petitioner was provisionally appointed Assessor in February, 1967. The determination is not supported by substantial evidence. Petitioner is therefore entitled to judgment annulling the determination and restoring his name to the Civil Service eligible list as it appeared prior to its removal. All concur. Moule, J. not participating. (Review of determination declaring petitioner ineligible for position as assessor, transferred by order of Erie Special Term.) Present — Goldman, P. J., Witmer, Gabrielli, Moule and Bastow, JJ.